UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAYNE WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:23-cv-03287-JEH |
| ) | |
| ) | |
| JACK CAMPBELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Order**

This cause is before the Court on Plaintiff Dayne Woods' pending motions.

**I**

*First*, Plaintiff moves for leave to file an amended complaint. The main impetus for Plaintiff seeking to file an amended complaint is his desire to have this case proceed as a class action under Federal Rule of Civil Procedure 23.

Plaintiff has filed his motion for leave to file an amended complaint pursuant to Federal Rule 15(a)(2). However, in the March 20, 2024 Scheduling Order, the Court established a deadline for Plaintiff to seek to amend his Complaint. D/E 13. Plaintiff filed the instant motion to amend his Complaint after the expiration of this deadline. Therefore, Federal Rule 16(b)(4) applies and requires Plaintiff to show "good cause" in order to amend his Complaint. *Cage v. Harper*, 42 F.4th 734, 742–43 (7th Cir. 2022) (Federal "Rule 16, which governs scheduling orders and includes a deadline for filing amended pleadings, a schedule may be modified only for good cause and with the judge's consent.")(internal quotation omitted).

1

Plaintiff has not even attempted to satisfy Federal Rule 16's good cause standard. As such, Plaintiff's motion to amend his Complaint is denied. *E.g.*, *Recker v. Grief Packaging L.L.C.*, 2018 WL 8333364, * 2 (C.D. Ill. Aug. 2, 2018) (noting that Federal "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking amendment.") (internal quotation omitted) (citing cases).

The only reason provided by Plaintiff for seeking leave to file an amended complaint is so that he may pursue his Fourteenth Amendment Due Process claim against Defendants as a class action. However, Plaintiff's attempt to change this case to a class action does not constitute good cause for allowing him to amend his Complaint under Federal Rule 16.

Even if the Court were to consider Plaintiff's motion under Federal Rule 15, the Court would deny Plaintiff's motion. Federal Rule 15(a)(2) authorizes the Court to allow amendments freely "when justice so requires." *Id*. But the United States Supreme Court has held that a district court may deny leave to amend when the movant has demonstrated "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

Plaintiff has offered no reason why he waited so late in the course of these proceedings before seeking to amend his Complaint. Indeed, the period established by the Court for the Parties to conduct discovery has passed, and the dispositive motion deadline is less than one week away. If the Court were to grant Plaintiff's motion, the Court would, by necessity, have to re-open discovery so that the Parties could determine who should be class members. Defendants are entitled to a resolution of this case that Plaintiff filed against them, and therefore, Defendants would suffer undue prejudice if the Court were to allow Plaintiff to

file an amended complaint at this late date. Accordingly, Plaintiff's motion for leave to amend his Complaint is denied.

## II

*Second*, Plaintiff moves the Court to certify this case as a class action under Federal Rule 23. Plaintiff asserts that he is not the only detainee whose Due Process rights Defendants violated at the Sangamon County Jail (the Jail). Plaintiff claims that Defendants maintain a widespread policy of dolling out excessive punishments to the detainees who are housed at the Jail in violation of their Fourteenth Amendment rights. Therefore, Plaintiff asks the Court to certify this case as a class action so that other detainees may join this suit against Defendants.

Plaintiff's motion is denied. Contrary to Plaintiff's argument, the Court need not review Federal Rule 23's requirements in denying his motion for class certification because, as explained *supra*, Plaintiff waited too long to attempt to maintain this case as a class action. This case is nearing its conclusion—either by dispositive motion or by trial—and the Court will not delay this case by certifying it as a class action. Were the Court to take Plaintiff's requested action, the case would, essentially, begin anew. Plaintiff has offered no justification for taking such an unusual step, and the Court declines to take that step. Accordingly, Plaintiff's motion to certify this case as a class action is denied.

## III

*Third*, Plaintiff's motion to request counsel is denied. The Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In deciding whether to recruit counsel for a pro

se litigant, the Court must determine, "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654-55.

In the instant case, Plaintiff has not demonstrated that he is not competent to litigate this case himself. Plaintiff correctly argues that he cannot maintain this case as a class action given his *pro se* status.

However, the Court has denied Plaintiff's motion for class certification. Therefore, recruited counsel is not necessary on that basis, and Plaintiff has generally demonstrated an ability to litigate this case on his own thus far. Accordingly, Plaintiff's motion for counsel is denied.

**IT IS, THEREFORE, ORDERED:**

    1.    **Plaintiff's motion to request counsel [39] is DENIED.**

    2.    **Plaintiff's motion to certify class [40] is DENIED.**

    3.    **Plaintiff's motion for leave to file an amended complaint [41] is DENIED.**

*It is so ordered.*

Entered: May 19, 2025

s/Jonathan E. Hawley

U.S. District Judge