UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAYNE WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-03287-JEH |
| | ) |
| | ) |
| JACK CAMPBELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Order**

This cause is before the Court on Defendants' motion for costs.

Defendants have moved the Court, under Federal Rule of Civil Procedure 54 and Local Rule 54.1, for an Order imposing costs against Plaintiff and in their favor. As the prevailing party in this case, Defendants argue that they are entitled to costs, and Defendants represent that the costs that they incurred in this case for which they should be compensated is $ 1,040.20.

Plaintiff objects to Defendants' motion for costs. According to Plaintiff, he litigated this case in good faith, and he had a meritorious claim. Plaintiff argues that he would have been the prevailing party in this case had the Court not erred in its rulings and had Defendants not improperly withheld discovery from him. Moreover, Plaintiff contends that the costs sought by Defendants were for items that were not necessary for this litigation, and in any event, Plaintiff asserts that the costs sought by Defendants are excessive. Finally, Plaintiff claims that he does not now, nor will he in the near future, possess the funds with which to pay costs to Defendants if costs are awarded to them by the Court. Accordingly, Plaintiff asks the Court to exercise its discretion to deny Defendants' motion for costs and not to impose any costs against him.

Federal Rule 54 provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A district court simply needs to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). The presumption is that costs will be awarded to the prevailing party, and this presumption is "difficult to overcome." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The "prevailing party" under Rule 54(d) is "the party who prevails as to the substantial part of the litigation." *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1014-15 (7th Cir. 1985) (internal quotation omitted).

Contrary to Plaintiff's argument, the Court finds that the expenses sought by Defendants are allowable cost items, that the amount sought is reasonable, and that the amount sought was necessary for Defendants to prevail in this case. 28 U.S.C. § 1920; *Mother & Father v. Cassiday*, 338 F.3d 704, 712 (7th Cir. 2003). Defendants cited to and relied upon Plaintiff's testimony contained within his deposition in moving for summary judgment. The only costs sought by Defendants are associated with taking Plaintiff's deposition and with obtaining a transcript of Plaintiff's deposition. Therefore, Plaintiff's deposition was necessary for Defendants' to prevail on their motion for summary judgment.

As noted *supra*, Rule 54(d) creates a strong presumption that the prevailing party will recover costs, and this presumption is difficult to overcome. *Stone v. City of Indianapolis Pub. Utilities Div.*, 28 F. App'x 573, 579 (7th Cir. 2002). In fact, a district court must award costs unless good reasons exist for denying them. *Id.*; *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982) ("[W]here Rule 54(d) applies, the prevailing party is *prima facie* entitled to costs and the losing party must overcome that presumption.").

Plaintiff has not overcome this presumption, nor has he shown a good reason(s) as to why costs should not be imposed against him. "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997). Plaintiff decided to file this lawsuit, which was his right to do.

However, Defendants are now the prevailing parties in this case, and as a result, they are entitled to the costs that they seek. Although the United States Court of Appeals for the Seventh Circuit has advised district courts to give some leniency to *pro se* plaintiffs in considering a motion for leave to proceed *in forma pauperis*, *Whitaker v. Dempsey*, 83 F.4th 1059 (7th Cir. 2023), the Court is aware of no authority holding that leniency is to be given to a *pro se* plaintiff who loses his case on summary judgment or at trial when a district court considers a prevailing party's request for fees under Rule 54(d). On the contrary, the current state of the law is just the opposite, in that, a prevailing party is entitled to recover costs, even costs against a *pro se* party.

**IT IS, THEREFORE, ORDERED:**

    **1.    Defendants' motion for costs [52] is GRANTED.**

    **2.    Accordingly, costs are imposed in Defendants' favor and against Plaintiff pursuant to Defendants' bill of costs in the amount of $ 1,040.20.**

    **3.    Plaintiff must pay $ 1,040.20 to Defendants as soon as possible, and Defendants are free to begin whatever collection procedures that they wish to take in order to collect the fees awarded to them.**

*It is so ordered.*

Entered: November 4, 2025

<u>s/Jonathan E. Hawley</u>

U.S. District Judge